IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROXANNE RYAN, | |
| Plaintiff, | |
| vs. | Case No. 2:12-CV-00209-CAB |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

### ORDER

This matter came before the Court on the Complaint and Petition for Judicial Review of the decision of the Commissioner of the Social Security Administration. Doc. # 1. The Court, having reviewed the Complaint, finds venue is improper.

Ms. Ryan states she is a citizen of the United States and the State of Utah, and a resident of Salt Lake City, Utah. Doc. # 1 at 1. She mentions her applications for Social Security Disability Insurance Benefits and Supplemental Security Income, as well as two hearings before an ALJ, but does not state where those applications were made or where the hearings took place. Ms. Ryan also did not provide any documents from the agency

proceedings in this case, which would indicate why this matter was filed in the District of Wyoming. Notably, Ms. Ryan's attorney is also located in Utah. Doc. # 1-1.

Pursuant to 42 U.S.C. § 405(g), "[Judicial review of a final decision of the Commissioner of Social Security] shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . ." 42 U.S.C. § 405(g). There is no indication in the Complaint Ms. Ryan resides in or has a principal place of business within the District of Wyoming. On the contrary, she admits she is a resident of Salt Lake City, Utah, and avers she is a "citizen of the United States and the State of Utah . . . ." Doc. # 1 at 1.

The United States Supreme Court has interpreted the requirement of filing the Petition for Judicial Review in the district in which the plaintiff resides or has his principal place of business as one of venue, rather than jurisdiction. "Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue." Weinberger v. Salfi, 422 U.S. 749, 764 (1975).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Prior to transferring this action, however, the Court will provide Ms. Ryan the opportunity to cure the defects in her Complaint regarding venue and to otherwise convince this Court venue is proper.

NOW, THEREFORE, it is hereby ORDERED Ms. Ryan shall submit an Amended Complaint which establishes venue is proper in the District of Wyoming and shall do so on or before October 29, 2012. It is further

ORDERED if Ms. Ryan does not submit an Amended Complaint on or before October 29, 2012 which establishes proper venue in the District of Wyoming, the matter will be ordered to be transferred to the United States District Court for the District of Utah.

Dated this 27th day of September, 2012.

_Clarence C. Brimmer_
Clarence A. Brimmer
United States District Judge